**In the Matter of Jeffrey K. FETTERS.**

**No. 44S00–0502–DI–62.**

Supreme Court of Indiana.

Nov. 14, 2005.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** The trial court appointed respondent, as a public defender, to appeal a client's 20–year sentence. The clerk's record and the transcript were completed on December 26, 2002 and February 25, 2003, respectively. Though the appellate brief would have been due in early April 2003, in May 2003 respondent advised the client and his wife that the appeal was 70% complete. In June or July of 2003, he advised them that his work was 75% complete. In August of 2003, he informed them that 80% of the work on the appeal was complete. In September of 2003, in response to a call from the client's wife seeking an update on the status of the appeal, he advised them that he had filed the appeal with the Court of Appeals. Though the client and his wife requested copies of the brief, respondent did not provide a copy, and he ceased answering their phone calls. In fact, respondent had not filed the client's appeal.

**Violations:** Respondent violated Ind. Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness; Prof.Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of the representation; Prof.Cond.R. 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; and Prof.Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, deceit or misrepresentation.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of sixty (60) days, effective December 19, 2005, with automatic reinstatement thereafter. Costs of this pro-

ceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Hon. Lori K. Morgan, and to all other entities `as provided in Admis.Disc.R. 23(3)(d).

SHEPARD, C.J. and SULLIVAN, BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents, believing that the respondent's dishonesty to his client warrants a more severe penalty.