**In the Matter of Jeffery K. FETTERS, Respondent.**

**No. 44S00–1205–DI–278.**

Supreme Court of Indiana.

May 7, 2013.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Lori K. Morgan, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Procedural background:** The Commission filed its Verified Complaint on May 22, 2012. Under Rule 23(14)(a), Respondent had 30 days from the date of service to file an answer. Respondent filed nothing within this period. On June 19, 2012, he mailed a one sentence Motion for Extension ("June 19 Motion") to the "Indiana Supreme Court" using the address of the Commission. He did not send the June 19 Motion to the Clerk, and thus it was not filed. The Commission filed an Application for Judgment on the Complaint on June 29, 2012. On July 5, 2012, Respondent filed a response to the Commission's application and a Motion for Extension ("July 5 Motion") that was substantially identical to the unfiled June 19 Motion.

Respondent asserts that he mistakenly believed that he was properly submitting the June 19 Motion for filing with the Clerk by mailing it to the Commission's address. The Court concurs with the hearing officer's conclusion that there was no excuse for Respondent's failure to understand and comply with the procedures for filing documents with the Clerk of this Court. *See, e.g.*, Admis. Disc. R. 23(11.2) (distinguishing between filing with the Clerk and service on parties). Moreover, the contents of neither the June 19 Motion nor the July 5 Motion complied with the substantive requirements of Admis. Disc. R. 23(14)(a), which governs motions for extensions of time to file an answer.

In the absence of an answer to the Commission's verified complaint, the hearing officer properly took the facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c).

**Facts:** In July 2009, a client hired Respondent to represent him a dispute with his landlord. Respondent entered an appearance, and the issue of immediate possession was resolved in the client's favor. After Respondent and the client failed to appear at a hearing regarding unpaid rent and damages, Respondent did not notify the client that the court entered default judgment in the amount of $6,089, and he did not respond to the client's attempts to contact him. After the client discovered that default judgment had been entered against him, Respondent told the client he would "appeal" it within the next 30 days, but he took no action. Respondent then refused to talk to the client when he called Respondent's office.

During the Commission's investigation, Respondent stated that he had withdrawn from the client's case in court before the judge, but the chronological case summary for the case makes no reference to Respondent's withdrawal.

The Court finds the following facts in aggravation: (1) Respondent has a history of prior discipline, *see Matter of Fetters*, 837 N.E.2d 145 (Ind.2005) (60–day suspension with automatic reinstatement); (2) Respondent has not acknowledged his mis-

understanding of the proper procedure for filing pleadings with the Court; and (3) there is no indication that Respondent has made restitution to the client for any harm caused by the default judgment. The Court notes that Respondent has been suspended for dues nonpayment and continuing legal education ("CLE") noncompliance since June 8, 2010.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.2(a): Failure to abide by a client's decisions concerning the objectives of representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

8.1(a): Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, beginning as of the date of this order.** Respondent fulfill all the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, cures his dues and CLE suspensions, and satisfies the requirements for reinstatement of

Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b). If reinstatement is sought, it would likely be granted only on a showing that Respondent has made restitution to the client for any harm caused by Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.